IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DERRICK ARTHUR BURDETTE**                                                    **PLAINTIFF**

**v.**                          **No. 4:23CV154-DAS**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS, ET AL.**                                      **DEFENDANTS**

**MEMORANDUM OPINION *ADDING* DR. SCOTT AS A DEFENDANT,
*DISMISSING* REMAINING DEFENDANTS WITH PREJUDICE FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED.**

This matter comes before the court on the *pro se* prisoner complaint of Derrick Arthur Burdette, who challenges the conditions of his confinement under 42 U.S.C. § 1983 – which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit.[1] The plaintiff alleges that the defendants failed to provide him with adequate medical care to treat a sinus infection and his injured leg.[2]

On November 14, 2023, the court ordered [11] the plaintiff to show cause, within 21 days, why the instant case should not be dismissed for failure to state a claim upon which relief could be granted. The court noted that the plaintiff had not alleged lingering effects from his leg

---

[1] *See* 42 U.S.C. § 1997e(a); *see also Williams v. Henagan,* 595 F.3d 610 (5th Cir. 2010) (PLRA applies when inmate is incarcerated at the time he files suit, even if he was released during pendency of suit).

[2] He has also named the Mississippi Department of Corrections, Warden McDonald, Captain Meeks, Captain Dudley, and Lt. Honeycutt as defendants in this case – all of whom are security personnel. None of these defendants is involved providing medical care to inmates.

injury.  The court also noted:  (1) the named defendants (all employed as security personnel at the Mississippi State Penitentiary) took no part in the plaintiff's medical care; (2) the defendants, at most, subjected him to verbal abuse; (3) and the Mississippi Department of Corrections ("MDOC") is not amenable to suit under 42 U.S.C. § 1983.  For these reasons, the court directed the plaintiff to show cause, within 21 days, why this case should not be dismissed with prejudice for failure to state a valid claim under § 1983.  Doc. 11.

The plaintiff responded [13] to the order, reiterating his allegations against the individual defendants – and providing more detail about the medical care he received.  He alleges that medical personnel provided only pain medications for his injured leg, but the medications did not provide relief.  Doc. 13 at 3.  He also alleges that Dr. Scott told him that she would order a CT scan of his sinuses, but he never received such a scan.  *Id*.  She also told him that she would prescribe him another round of antibiotics for his sinus infection, but he never received them.  *Id*.  In addition, medical staff informed the plaintiff that he needed another x-ray of his leg, but no one conducted the x-ray.  *Id*. at 5.  The court will integrate these new allegations with the summary of allegations which is drawn from the Show Cause Order [11].

### Allegations Regarding Treatment for the Plaintiff's Leg Injury

The plaintiff alleges that he injured his leg playing basketball.  Doc. 1 at 7.  He was taken to the medical unit that night, and the nurse tried to place him in a small cell, where he was to stay on the floor until the next morning.  *Id*.  The plaintiff told the nurse that he could not stay in the small cell with his leg injury because of the pain.  *Id*.  Captain Sally and Lt. Bradley then transported the plaintiff back to his cell on a stretcher.  *Id*.  He was taken for x-rays after five days, then received medical attention two days after that:  "They brought me back to the building on a stretcher and laid me in my bed for a week with no medical attention."  *Id.* at 7-8.  The plaintiff did not specify the medical

attention he received at the end of the week. He believes that he should be referred to a free world doctor: "Not one time [have] I been off [penitentiary] grounds." *Id*. at 8. He alleges that the Medical Director told him that he needed an ultrasound of his leg, but he never got the results. Doc. 13 at 3. He further alleges that he received an x-ray of his leg, waited weeks for the results – and was then told that he needed another x-ray. Doc. 13 at 4. The second x-ray never took place. *Id*. The plaintiff alleges that his injured leg has caused him pain since the injury. *Id*. at 3.

### Allegations Regarding Treatment for a Sinus Infection

The plaintiff alleges that he has suffered for two years from a recurring sinus infection, which had continued through the filing of this case. Doc. 1 at 8. He has been treated for the infection with antibiotics at least five times during this period, but the infection persists. *Id*. at 7. Medical personnel also took the plaintiff's blood for analysis. Doc. 1 at 5. He believes his living conditions have caused the infection. *Id*. at 8. The sinus infections have caused the plaintiff sores, nosebleeds, and a painful knot on his neck. *Id*. According to the plaintiff, his blood tests revealed that he had dust mites and roach feces in his bloodstream, which is why his sinus infection was so severe. Doc. 13 at 3. Dr. Scott told the plaintiff that she would order a CT scan of his sinuses and another round of antibiotics to treat the infection, but he never received such a scan or more antibiotics. *Id*.

### The Defendants' Involvement in Burdette's Medical Treatment

The plaintiff has named five defendants in this case: (1) the Mississippi Department of Corrections ("MDOC"); (2) Warden McDonald, (3) Captain Ms. Meeks; (4) Captain Mr. Dudley; and (5) Lt. Honeycutt – and has described the defendants' involvement in his medical care in his complaint.

**MDOC**

MDOC is the entity employing the defendants.

### Warden McDonald

Warden McDonald threatened to lock the plaintiff down while he was confined to a wheelchair. Doc. 1 at 5. The plaintiff has not stated why McDonald might threaten him with lockdown.

### Captain Meeks

Two weeks after medical personnel drew the plaintiff's blood, Captain Meeks threatened to put him in lockdown. Doc. 1 at 5. Similarly, the plaintiff has not stated why Meeks might have made such a threat.

### Captain Dudley

Captain Dudley threatened the plaintiff, saying he wished they were "back in the day" so he could "do something" to the plaintiff. Doc. 1 at 5. Again, the plaintiff has not stated why Dudley might threaten him.

### Lt. Honeycutt

On June 29, 2023, Lt. Honeycutt threatened "to put some heat on [the plaintiff]," though he does not explain why Honeycutt might have made such a threat. Doc. 1 at 5.

### Verbal Abuse

The bulk of the plaintiff's allegations are that the defendants threatened him, but he has not alleged that any of the defendants carried out the threats. As such, the threats are merely a form of verbal abuse, which does not give rise to a cause of action under § 1983. *See Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191(5th Cir. 1997). Thus, it appears that the plaintiff's allegations regarding threats should be dismissed for failure to state a claim upon which relief could be granted.

### No Personal Involvement in the Plaintiff's Medical Care

The plaintiff alleges that the defendants failed to provide him with medical treatment for his injured leg and a sinus infection. For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the individual defendants are either a warden or prison security personnel, none of whom are charged with providing medical care to the plaintiff. He has not alleged that he submitted sick call requests to obtain medical care; nor has he alleged that these defendants prevented him from receiving care. As such, the plaintiff has not alleged that any of these defendants were personally involved or somehow caused him not to receive medical care. Hence, it appears that the plaintiff's allegations regarding defendants McDonald, Meeks, Dudley, and Honeycutt should be dismissed with prejudice for failure to state a valid claim under 42 U.S.C. § 1983.

## MDOC Is Not Amenable to Suit Under 42 U.S.C. § 1983

The MDOC is not a "person" within the meaning of 42 U.S.C. § 1983, which provides, in relevant part:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983 (emphasis added). Thus, in order to maintain an action under § 1983, a plaintiff must allege that a *person* acting under color of state law deprived him of a right secured by the Constitution or other law of the United States.

The MDOC is an agency of the State of Mississippi as created by its statutes. Neither states nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C.

§ 1983 because they are not considered "persons" within the meaning of the statute. The Supreme Court has made this clear: "We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). For this reason, it appears that MDOC should be dismissed with prejudice from this suit, as it is not a "person" under 42 U.S.C. § 1983 – and thus not amenable to suit under that statute.

## Conclusion

For the reasons set forth above, the plaintiff's allegations against defendants MDOC, Warden McDonald, Captain Meeks, Captain Dudley, and Lt. Honeycutt will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff's allegations regarding threats and verbal abuse will also be dismissed for failure to state a valid § 1983 claim. In addition, Dr. Scott will be added as a defendant in this case, as the plaintiff has identified her as a medical provider involved in the care of his sinus infection and leg injury. The plaintiff's allegations regarding the failure to conduct a CT scan of his sinuses and the failure to provide additional antibiotics for his sinus infection will proceed, as will the plaintiff's allegations regarding the failure to conduct a second x-ray of his leg. According to these allegations, medical personnel had found a course of treatment necessary and order the treatment – but then failed to treat the plaintiff accordingly. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 25th day of January, 2024.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE